TOWN OF MARKS *v.* YORK.

(Division B.   Oct. 16, 1933.)

[150 So. 202.   No. 30720.]

**Boone & Lowrey,** of Marks, for appellant.

**T. N. Gore,** of Marks, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The town of Marks contended that E. York was due it a privilege tax under chapter 88, Laws of 1930, and made demand upon him for the same. York paid the privilege tax under protest, and brought suit to recover the amount so paid.

The statute involved was section 137, chapter 88, Laws of 1930, which reads as follows:

"*Oil Depots.*—In addition to all other taxes imposed by law, upon each person operating an oil depot for the wholesale sale, delivery and/or distribution of gasoline, kerosene and/or lubricating oil or other petroleum products, as follows: Where the storage capacity of the oil depot is over five thousand and not over twenty thousand gallons ............................$50.00."

The other provisions of the act increase the tax for increased capacity.

It is agreed between counsel that under the facts the said York was not engaged in the wholesale business, either in the sale or distribution of gasoline products, etc.

The statute, we think, was careful to make it plain that the tax was to be limited to the wholesale delivery and distribution of such products, and was not to apply to the retail business.

Under section 166, chapter 118, Laws of 1926, the statute was so drawn that the tax was made payable, regardless of whether the business was wholesale or retail. In amending this chapter, by chapter 88, Laws of 1930, we think the language used clearly indicates that the legislature only intended to tax oil depots where there was a wholesale distribution, delivery, or sale of the

products mentioned, and, after the enactment of such chapter, the legal department having rules that the privilege tax was payable, the legislature, in 1932 (Laws 1932, ch. 89, sec. 146), evidencing its purpose as expressed in section 137, chapter 88, Laws of 1930, made even more plain its purpose.

We are therefore of the opinion that the privilege tax in this case was not due by York, and, the court below having held in accordance with our views, the judgment is affirmed.

Affirmed.